UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br>              Plaintiff,   )   <br>       vs.                    )   <br>                              )   <br> YBES LEBON,                  )   <br>              Defendant.     )  | No.  07 CR 40081 <br><br> Honorable Judge Thomas J. Shields |

## MOTION FOR DISCOVERY

NOW COMES, the Defendant, YBES LEBON by and through his attorney, MICHAEL D. KREJCI, respectfully moves pursuant to the Fed. R. Crim. P.16 and the Fifth and Sixth Amendments to the United States Constitution for the entry of an order requiring that the government produce or disclose the matters requests below.

## SPECIFIC REQUEST

Any and all written or recorded statements, including but not limited to Grand Jury testimony made by or purported to have been made by the Defendant which are relevant to the acts charged in the Indictment, together with the substance of any oral statements which the prosecution intends to offer into evidence at trial.

Defendant specifically requests photocopies of the following materials:

## SIMILAR FACTS

YBES LEBON moves this Honorable Court to require the government to disclose all allegedly similar crimes, wrongs or acts on which it intends to rely at trial to prove motive, scheme, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or

accident. See, Fed.R.Evid., 404(b). This request includes evidence which the government may intend to use in cross-examination or rebuttal as well as its case in chief, and includes, but is not limited to, the following:

1. The dates, times, places and persons involved in said crimes, wrongs or acts;

2. The statements of each participant in said other crimes, wrongs or acts;

3. The documents which contain certain evidence of said other crimes, wrongs, or acts, including a statement describing when the documents were prepared, by whom, the documents were prepared, and who has had possession of the documents since the alleged commission of the crimes, wrongs or acts; and

4. A statement of the issue or issues to which the government believes such, other crimes, wrongs or acts evidence may be relevant under the Fed. R. Evid., 404(b).

Disclosure of the foregoing evidence should be ordered since notice gives the Defendant, the necessary time to meet and challenge such evidence. In United States vs. Foskey, 636 F. 2d.517 (D.C. Cir. 1980), the court in reversing a Defendant's conviction government notify the defense before trial of its intention to introduce any such evidence. Id. at 526. The court reasoned that given the complexity of many Rule 404(b) issues and the confusion which often occurs with such evidence, pretrial notice may obviate difficulties.

This Court certainly has the discretion to grant our request. Moreover, disclosure should be ordered since a Defendant's uncharged bad acts often will result in admission of statements of the Defendant within the plain meaning of Rule 16. Furthermore, certain

similar acts which the government may seek to introduce in rebuttal, or to impeach the Defendant's testimony, if he chooses to testify, will be the basis for motions in limine by the Defendant.  Thus, disclosure should be ordered under Rule 12(d) which permits the government to disclose evidence which may be the subject of a motion to suppress. Although the request for disclosure of similar acts may not be within the letter of Fed.R.Crim. P.12(d)(2), it is clearly within the spirit and purpose of that rule.  <u>United States vs. Climatemp, Inc</u>., 482 F. Supp. 376, 391 (N.D. Ill. 1979), <u>aff'd sub nom</u>.  <u>United States vs. Reliance Sheet Metal Works, Inc.</u>, 705 F.2d 461 (7th Cir.).  <u>See also United States vs. Savides,</u> 661 F. Supp. 1024, 1026 ( N.D. Ill. 1987) (Bua, J.)(ordering government to produce prior to trial all 404 (b) material that it intended to use during its case in chief).

### **SPECIFIC INSTANCES OF CONDUCT**

YBES LEBON requests that this Honorable court enter an order requiring the government to disclose whether it will attempt to rely upon specific instances of conduct for the purpose of impeachment, should the Defendant testify at trial.  <u>See</u> Fed. R. Evid. 608. Disclosure of specific instances of conduct should include, but is not limited to, the following:

1. The dates, times and places and persons involved, in said specific acts or misconduct;
2. The statements of each participant in, said specific acts of misconduct;
3. The documents which contain evidence of said specific acts of misconduct, including a statement of when the documents were prepared, by whom the documents were prepared, and who has had possession of the documents.

**OPINION TESTIMONY**

YBES LEBON, requests that the government be required to disclose prior to trial whether it intends to rely upon any opinion testimony, either by a lay witness or scientific expert, and the facts or data upon which said witnesses will offer their opinions See Fed. R. Evid. 701, 702, 703. Disclosure should include, but is not limited to, the following:

1. All periodicals and treatises used or relied upon by any witness offering his opinion;

2. Any and all interdepartmental reports of the government viewed or examined by a witness offering his opinion;

3. Any and all documents or other tangible evidence reviewed, considered or relied upon by any other person who will testify as any expert at this trial.

In making this request, we note that advanced disclosure of the dates or facts underlying expert testimony may be ordered. Fed. R. Evid. 705. Furthermore, advanced disclosure of the information requested is the only way the Defendant can effectively prepare to cross-examine any experts testimony. Smith v. Estelle, 602 F. 2d 694, 699 (5th Cir. 1979). aff'd., 451 U.S. 454 (1981).

**STATEMENTS OF UNAVAILABLE HEARSAY DECLARANTS**

YBES LEBON, moves this Honorable Court for the entry of an order requiring the government to disclose any and all statements which it will introduce at trial where the declarant is unavailable as a witness under Fed. R. Evid. 804. By this request, the

Defendant seeks disclose of whether the government intends to rely on former testimony of any person, statements of persons which are allegedly against pecuniary or proprietary interest or tending to subject the declarant to civil or criminal liability or to render invalid a claim by him against another, or any other matters which the government will seek to admit under the provisions of Fed. R. Evid. 804(b)(5).

## OTHER EXCEPTIONS TO THE HEARSAY RULE

YBES LEBON, moves this Honorable Court for the entry of an order requiring the government to disclose whether it will attempt to introduce evidence under the provisions of Fed. R. Evid. 803 (24) or Fed. R. Evid. 804 (5). Note that both of these provisions require advance notice of intent to rely on a residual exception.

## DOCUMENTS AND TANGIBLE EVIDENCE

Under rule 16(a)(1)(C), YBES LEBON is entitled to inspect, copy or photograph book, video tapes, cassette tapes, papers, documents, photographs, tangible objects, buildings or places, or copies of portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence at trial, or which were obtained from or belonged to Defendant. Rule 16 also requires the production of documents and tangible objects that do not belong to Defendant, but which the government intends to use at trial or which would be material to the preparation of a defense. Accordingly, the Defendant requests an order requiring the government to produce any and all documents and tangible

objects discoverable under Rule 16 ( and not yet disclosed ) that the government now has or may obtain prior to trial or the existence of which the government has not disclosed to the defense.

## TESTS REPORTS AND RESULTS OF SCIENTIFIC EXAMINATION

Under Rule 16(b)(1)(B), YBES LEBON is entitled to inspect and copy any results or reports of scientific tests, experiments, or examinations which are in the possession, custody, or control of the prosecution. Accordingly, YBES LEBON requests that this Honorable Court enter an order requiring the production of other expert tests or scientific reports or examinations which the government may obtain or conduct in preparation for trial.

## REPORTS MADE BY STATE AND LOCAL AUTHORITIES

The Defendant moves this Honorable Court for the entry of an order requiring the government to furnish all documents and reports within their possession, custody or control which were prepared in the course of this investigation by state and local authorities in the United States or by Federal or local police investigative authorities in any foreign country.

## DEFENDANT'S STATEMENTS

Pursuant to the provision of Fed. R. Crim. P. 16(a)(1)(A), the government has a duty to disclose to the Defendant any and all statements of the Defendant and failure to produce such statements can culminate in reversible error. See e.g., United States v. Noe, 821

F.2d 604 (11th Cir. 1987); United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986) (per curiam). YBES LEBON, moves this Honorable Court to require the government to identify and produce any and all statements made by YBES LEBON other than his grand jury testimony.

YBES LEBON further requests that this Honorable Court order the government to produce all statements of the Defendant to third parties which were subsequently related by the third parties to government agents. See United States v. Mitchell, 613 F.2d 779 (10th Cir. 1980); United States v. Manetta, 551 F.2d 1352 (5th Cir. 1977).

In addition, the Defendant moves this Honorable Court for the entry of an order requiring the government to produce the following:

4. The substance of any oral or written statement made by any person and of which the Defendant allegedly manifested his adoption or belief in its truth which the government will seek to admit under Fed. R. Evid. 801 (d)(2)(B).

5. The substance of any oral or written statement made by any person allegedly authorized by the Defendant to make such a statement which the government will seek to admit into evidence under Fed. R. Evid. 801 (d)(2)(C) or (D).

These statements, in essence, constitute statements of the Defendant and the jury will likely by instructed to regard them as such. Hence, disclosure should be ordered.

## STATEMENTS OF CO-CONSPIRATORS

YBES LEBON requests that this Honorable Court enter an order requiring the government to furnish him with any recorded, transcribed or summarized statements of co-

conspirators or any documents reflecting the substance of any statement by co-conspirators which the government will seek to introduce under Fed. R. Evid. 801(d)(2)(E) and which have not been previously furnished.

Under Rule 801 of the Federal Rules of Evidence, statements which may be attributed to joint ventures or co-conspirators will be considered by the jury as statements of the Defendant. Accordingly, such statements, for all practical purposes, become the statements of the Defendant and should be discoverable by them as though they were their own statements.

Moreover, the case law clearly supports the Defendant's request. In <u>United States v. Konefal</u>, 556 F. Supp. 689, 706 (N.D. N.Y. 1983), the court summed up the law in this area by stating:

> [T]he lower courts have generally followed his policy of ordering disclosure of co-conspirators' statements where the declarant will not be testifying for the government at trial. See e.g., <u>United States v. McMillen</u>, 489 F. 2d 229.230-31 (7th Cir. 1982). cert. denied sub nom. <u>Siegel v. McMillen</u>, 410 U.S. 955 . . . (1973); <u>United States v. Thevis</u>, 84 F. R. D. 47, 56-57 (N.D. Ga. 1979); <u>United States v Turkish</u>, 458 F. Supp. 874, 887 (S.D. N.Y. 1978), <u>aff'd</u>, 623 F.2d 769 (2nd Cir. 1980); <u>United States v. Brighton Bldg. & Maintenance Co.</u>, 435 F. Supp. 222, 233 n. 20 (N.D. Ill. 1977); <u>United States v. Bloom</u>, 78 F. R. D. 591, 618 (E.D. Pa. 1977); <u>United States v. Fine</u>, 413 F. Supp. 740, 743 (W.D. Wis. 1976); <u>United States v. Agnello</u>, 367 F. Supp. 444, 448 (E.D. N.Y. 1973).

566 F. Supp. at 706.

## **LIST OF WITNESSES**

YBES LEBON moves this Honorable Court to order the government to produce a list of its witnesses before trial. It is settled beyond peradventure that courts may, as an exercise of their inherent and supervisory powers, direct the government to provide defense counsel with a list of witnesses in advance of trial. See United States v. Turkish, 458 F. Supp. 874, 881 (S.D. N.Y. 1978); United States v. Price, 448 F. Supp. 503 (D. Col 1978). This power is necessarily implicit in any fair reading of Rule 16(b), or Rule 7(f). See e.g., Will v. United States, 389 U.S. 90 (1967); United States v. Jackson, 508 F. 2d 1001, 1006 (7th Cir. 1975); United States v. Beasley, 519 F. 2d 233, 246 n. 11 (5th Cir. 1975); United States v. Moseley, 450 F. 2d 506 (5th Cir. 1971). Moreover, a witness list will promote judicial economy, enable the Defendant to prepare more efficiently for trial and streamline the trial in this cause. See Climatemp, 482 F. Supp. at 390 (list of witnesses would enable the court to determine, with some degree of accuracy, the length of time to be allocated to the trial and would expedite the trial by fostering a more purposeful cross-examination). Furthermore, counsels' possession of a list of witnesses will help ensure that the Defendant is provided with effective assistance.

Accordingly, the government should be ordered to produce a pretrial list of testifying witnesses. See United States v. Savides, 661 F. Supp. 1024, 1026 (N.D. Ill. 1987) (Bua, J.) (Ordering government to produce lists of testifying witnesses prior to trial so that counsel may provide competent representation and conduct meaningful investigation).

**ELECTRONIC SURVEILLANCE**

YBES LEBON moves this Honorable Court for an order requiring the government to disclose the existence of any electronic or mechanical surveillance of the Defendant. <u>See</u> <u>Alderman v. Untied States</u>, 394 U.S. 165 (1966).

YBES LEBON seeks production of any Title III applications or state warrant applications in which the Defendant is named as an interceptee or probable offender and the use of pen registers involving the Defendant. By this request, we seek disclosure of surveillance conducted by any state or federal agent or private individual prior and subsequent to the return of the indictment in this case.

**REQUEST FOR PRODUCTION OF ALL MATERIALS,
INCLUDING WITNESS STATEMENTS PRIOR TO TRIAL**

The Defendant requests that this Honorable Court exercise its supervisory power over discovery by recommending that the government produce all the discovery requested above as well as statements of its witnesses in its case-in-chief one month prior to trial. Production on eve of trial would place YBES LEBON, in jeopardy of being denied the right to cross-examine witnesses fully and would prevent him from obtaining witnesses who will refute or otherwise contradict the testimony of government's witnesses.

In making this request, we ask the Court, and the government, to consider the following factors:

(3)   The object of having a trial is to ascertain the truth; The serious consequences of a criminal prosecution make plain that a criminal trial is not

a game. As Justice White observed the adversary system of trial is hardly an end to itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. <u>Williams v. Florida</u>, 399 U.S. 78, 82 (1970). It has long been recognized in civil cases that liberal pretrial discovery results in the ascertainment of truth at trial. Effectively, criminal trials are not different than civil trials in terms of their preparation and presentation. Further considerations favor liberal discovery in criminal cases. For instance, without ample pretrial discovery, defense counsel will be unable to prepare and present an adequate defense to the charges contained in the indictment. Due to the length and complexity of the alleged offenses, defense counsel is unable to ascertain the identity of relevant government witnesses to the charges. In addition, it cannot be determined what uncharged acts and other evidence the government intends to present. In sum, unless defense counsel learns who the witnesses are and what the evidence itself will be before trial, there will be no way to meet the charges.

(4) One of the most important rights a Defendant has, in a criminal prosecution is the right to cross-examination. Effective cross-examination advances the interest in truth ascertainment and protects the integrity of the fact-finding process. <u>Faretta v. California</u>, 422 U.S. 806, 818 (1975); <u>Pointer v. Texas</u>, 380 U.S. 400, 404 (1965). However, an effective defense to particular testimony cannot be instantly manufactured. Competent cross-examination requires advance planning. If the government thinks that defense counsel

   can immediately conjure up a brilliant and incisive cross-examination or produce rebuttal witnesses, it is wrong. Accordingly, defense counsel should be given a reasonable time to prepare for cross-examination of witnesses.

(5) Trying any case is a full-time matter, requiring substantial effort. There will be very little time to prepare a defense to the charges contained in this indictment while defense counsel is simultaneously trying this case. Counsels for the Defendant frankly admit that they are incapable of spending a full day in court, preparing that evening for the following day's testimony, and then preparing for future testimony by interviewing witnesses, directing investigation, reviewing documents and initially examining witnesses statements. In a case of this magnitude, there simply will not be enough hours in the day and night to accomplish all of this.

For the reasons stated above, courts have strongly urged that prosecutors produce witnesses' statements well in advance of trial. Furthermore, discovery should be ordered since:

> [I]n most criminal cases, pretrial disclosure will rebound to the benefit of all parties, counsel and the court. Indeed sound trial management would seem to dictate that Jencks Act material should be transmitted prior to trial, especially in complex cases, so that those adherent lengthy pauses at trial to examine documents can be avoided.

United States v. Percevault, 490 F. 2d 126, 132 (2d Cir. 1974). Accordingly, in order to instill fairness in these proceedings and to insure a smooth trial, YBES LEBON requests an order requiring the government to produce its witness' statements prior to trial. See

<u>United States v. Savides</u>, 661 F. Supp. 1024, 1026 (N.D. Ill. 1987) (Bua, J.) (ordering government to produce discovery materials, including 3500 material, prior trial).

WHEREFORE, Defendant YBES LEBON respectfully requests that this Honorable Court enter an order granting all discovery requested by this motion and such other, further relief as this Court deems just and proper.

Respectfully submitted,

By:   /S/ Michael D. Krejci
  Michael D. Krejci, ARDC #: 6190333
  Attorney for Defendant YBES LEBON
  Michael D. Krejci and Associates, L.L.C.
  1770 Park Street, Suite 205
  Naperville, Illinois 60563
  Tel.    630/388-0600
  Fax.   630/388-0299

CERTIFICATE OF SERVICE

I hereby certify that October 9, 2007 I electronically filed the following document:

<u>MOTION FOR DISCOVERY</u>, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sara L. Darrow, Assistant United State Attorney
Sara.darrow@usdoj.gov

By:   /s/ Michael D. Krejci
  Michael D. Krejci ARDC #: 6190333
  Attorney for Defendant YBES LEBON
  Michael D. Krejci and Associates, L.L.C.
  1770 Park Street, Suite 205
  Naperville, Illinois 60563
  Tel.    630/388-0600