UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**) | | |
| Plaintiff, | ) | |
| vs. | ) | No.  07-40081 |
| | ) | |
| **YVES LEBON,** | ) | **Honorable Judge Thomas J. Shields** |
| Defendant. | ) | |

**MOTION TO SUPPRESS EVIDENCE**

NOW COMES the Defendant, YVES LEBON, by and through his attorney, MICHAEL D. KREJCI, pursuant to Rule 12 F.R.C.P., and moves this Honorable Court to suppress as evidence in this cause items illegally seized from Defendant's vehicle and person at the time of, or subsequent to his arrest in this cause, and statements thereafter made by Defendant.

In support of this Motion, it is averred that:

1.	Defendant Yves Lebon was the driver of a rented Nissan Altima that was stopped around 8:25 a.m. on August 22, 2007 by the Illinois State Police near Milepost #18.5 on Interstate 80 in Henry County, Illinois.1

2.	Prior to his vehicle being stopped, the Defendant did not violate any traffic laws nor was observed in the commission of a crime, nor did said Trooper have reasonable suspicion to believe that the Defendant had committed an offense, was about to commit an offense, or was in the process of committing an offense, as required under Terry.  Terry v. Ohio, 392 U.S.1, 88 S.Ct.1868, 20 L.Ed.2d 889 (1968).

---

1 The trooper stated in his report that he observed the Defendant's vehicle weave back and forth within its lane.  He then activated a video camera driving behind the Defendant's vehicle whereby the video shows the Defendant's

3.  Said Illinois State Trooper did not have reasonable suspicion to believe that a warrant for the arrest of the Defendant existed.

4.  After stopping the Defendant's vehicle, the Trooper detained the Defendant while he obtained a valid driver's license from him as well as a valid rental agreement.

5.  Subsequently, the Trooper issued the Defendant a warning citation and told the Defendant "we'll get you out of here." After stating to the Defendant "we'll get you of here" and while leaning into the Defendant's car, the trooper continued to detain and interrogate the Defendant further. This unreasonably prolonged the stop.

6.  Defendant submits that the duration of this second conversation was not justified and resulted in an illegal seizure of his person. The scope of this conversation exceeded the scope as to the circumstances that initially justified the stop. See <u>Illinois v. Caballes</u>, 543 U.S. 405, 125 S.Ct.835 (2005). Moreover, at the time of this detention, the Defendant was not observed in the commission of a crime, nor did the Trooper have reasonable suspicion to believe the Defendant had committed an offense, was about to commit an offense, or was in the process of committing an offense as required under <u>Terry</u>. <u>Terry v. Ohio,</u> 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968).

7.  After detaining the Defendant for additional questioning, the Trooper asked the Defendant for consent to look inside the trunk of his vehicle. After obtaining consent, the Trooper assisted the Defendant in opening the trunk and subsequently had him remove the keys to the ignition.

8.  The detention arrest and seizure of the Defendant was without probable cause, reasonable suspicion, a warrant, or consent and was, therefore, illegal.

9.  Defendant submits that there were no reasonable, articulable facts to justify the

---

vehicle drive for approximately another mile without committing a traffic violation that would justify a traffic stop.

detention and subsequent request to look inside the Defendant's trunk. Moreover, the Trooper's actions went beyond the original consent to look inside the trunk when he proceeded to search <u>inside</u> the duffel bags after obtaining the initial consent to look inside the trunk.

10. Said seizure of such property was a direct result of an illegal stop, illegal search and illegal detention.

11. The arrest, detention and seizure of the Defendant and his property was obtained in violation of Defendant's rights secured by the Constitution of the United States under the Fourth, Fifth, Sixth and Fourteenth Amendments.

12. During Defendant's detention and subsequent arrest, he was questioned by the law enforcement agents and made statements.

13. During the detention and subsequent arrest of Defendant, the law enforcement agents and prosecution became aware of the existence of physical evidence, witnesses, and other evidence, all of which were the direct and indirect fruits of the illegal detention and arrest, and which the Government intends to introduce at trial in this cause to connect Defendant with a crime.

WHEREFORE, Defendant YVES LEBON, by and through his attorney, MICHAEL D. KREJCI, prays this Honorable Court find his arrest and subsequent search were illegal because of the absence of authority or probable cause to effectuate it and to suppress from introduction into evidence in this cause the following:

A) Physical evidence discovered directly and indirectly as a result of the illegal arrest, search and detention.

B) Statements, utterances, reports of gestures and responses by Defendant during the detention, which followed his arrest.

C) Testimony of witnesses who viewed Defendant during his detention and

subsequent arrest, as well as the testimony of witnesses discovered as a result of the detention and subsequent arrest.

  D) Photographs, fingerprints and other information, the product of the processing of Defendant following his arrest, and the fruits thereof.

  E) All other knowledge, evidence, and the fruits thereof, including witnesses, statements, chemical tests, evidence whether written, oral, or gestural, and physical evidence which is the direct and indirect product of the arrest.

           Respectfully submitted,

         By: /S/ Michael D. Krejci
           Michael D. Krejci, ARDC #: 6190333
           Attorney for Defendant Yves Lebon
           Michael D. Krejci and Associates, L.L.C.
           1770 Park Street, Suite 205
           Naperville, Illinois 60563
           Tel. 630/388-0600
           Fax. 630/388-0299

**CERTIFICATE OF SERVICE**

I hereby certify that October 30, 2007 I electronically filed the following document: **MOTION TO SUPPRESS EVIDENCE**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sara L. Darrow
Assistant United State Attorney
Sara.darrow@usdoj.gov

        By:   /s/ Michael D. Krejci
           Michael D. Krejci ARDC #: 6190333
           Attorney for Defendant Yves Lebon
           Michael D. Krejci and Associates, L.L.C.
           1770 Park Street, Suite 205
           Naperville, Illinois 60563
           Tel.  630/388-0600