UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 07-40081 |
| ) | |
| YVES LEBON, ) | Honorable Judge Michael M. Mihms |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF LEBON'S
MOTION TO SUPPRESS EVIDENCE**

**SUMMARY OF FACTS**

After YVES LEBON was stopped for a minor traffic violation, Officer Fratzke issued him a warning ticket and told him "we'll get you out of here." Officer Fratzke testified that the Defendant had previously presented a valid driver's license and rental agreement and upon issuing him the warning ticket, the Defendant was free to go. However, he testified he never told the Defendant he was free to leave. He also stated that he did not observe any contraband in the vehicle, nor was there any testimony adduced at the hearing suggesting that YVES LEBON acted in a nervous or suspicious manner. As he started to walk back to his K-9 police vehicle, he immediately returned and stated to YVES LEBON "Hey! <u>Before</u> you go, can I ask you some more questions?" Lebon responded "Yeah." With his police lights still activated, Officer Fratzke leaned into Lebon's car and proceeded to question him regarding the purpose of his trip. These questions were similar to those he had asked YVES LEBON during his initial detention. The questions became accusatory in nature and later led to his request for consent to search the vehicle.

1

### AFTER RECEIVING THE WARNING TICKET, THE FURTHER DETENTION OF YVES LEBON BY OFFICER FRATZKE WAS WITHOUT REASONABLE SUSPICION AND WAS NOT A CONSENSUAL ENCOUNTER

In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter. United States v. Bostick 501 U.S. 429, 111 S.Ct. 2382 (1991). There appears to be no Seventh Circuit cases factually on point with the facts in this case. Nonetheless, this court may rely on many of the enumerated factors set forth in prior Seventh Circuit decisions and decisions in other jurisdictions when evaluating the testimony of Officer Fratzke as well as his statements and physical actions depicted on the video.

First, what distinguishes this case from cases that have found police encounters to be consensual is that at no time during the traffic stop did Officer Fratzke ever testify that YVES LEBON acted in a suspicious or nervous manner. "Accusatory, persistent and intrusive questioning may turn an otherwise voluntary encounter into coercion if it conveys the message that compliance is required". Florida v. Bostick. Here, the evidence showed that upon issuing the warning ticket and turning to walk away, Officer Fratzke immediately reversed his tracks and issued the command "Hey, before you go . . .". This command is significant because it conveys to a reasonable person in YVES LEBON's situation that he must remain and answer questions. Especially, in light of the fact that it comes from an armed, uniformed officer whose vehicle is parked directly behind the Defendant's with its police lights still activated. As previously testified to at the Motion to Suppress Hearing, Officer Fratzke did not tell Lebon that he was free to leave. Moreover, it is even more significant when one considers that his line of questioning

2

was similarly asked during Lebon's initial detention. A detention that he was not free to disregard. The questioning became more persistent and accusatory when he asked Lebon a second time why he was driving back to Montreal instead of flying. The questioning persisted in a cynical tone regarding the costs of travel as well as Officer Fratzke mentioning that there are "a lot of narcotics being transported on this highway." His request for consent to search the trunk was met with a simultaneous command for Lebon to pop the trunk or remove his keys from the ignition. Significantly, during this second conversation, Officer Fratzke had leaned inside the vehicle which clearly would indicate to a reasonable person that he could not refuse to answer the questions and drive away. It accomplished the intended result to prevent the Defendant from leaving and that he was not free to decline the officer's line of questioning.

Lastly, YVES LEBON was a man of foreign-born decent. Language barriers are relevant in evaluating the suspect's ability to act knowingly, intelligently and voluntary. United States v. Heredia-Fernandez 756 F.2d 1412, 1415 (9th Cir.) cert. denied 474 U.S. 836 (1985). In this case, when confronted with the progressive nature of each question while the officer is leaning inside his vehicle a reasonable man in YVES LEBON circumstances would not have felt free to leave before the officer ended the conversation.

In United States v. Sandoval, 29 F.3d 337 (10th Cir. 1994), an opinion written by the Honorable Milton Shadur, Senior District Judge for the Northern District of Illinois, sitting by designation, the Court held that after issuing a warning citation, the officer's statement "No, wait a minute" was construed not to be a consensual encounter and the subsequent consent to search was found in violation of the Defendant's Fourth Amendment Rights. Likewise, here Officer Fratzke's statement "Hey, before you go . . ." would also construe a similar finding that the subsequent encounter was not voluntary. His questioning of YVES LEBON became accusatory,

3

persistent and intrusive. A reasonable person in that situation would believe compliance was required.

For the foregoing reasons, the Defendant submits that the totality of the circumstances in the present case do not indicate consent, but rather acquiescence to the Officer.

Wherefore the Defendant YVES LEBON respectfully requests this Honorable Court grant his motion to suppress evidence.

Respectfully submitted,

By:     /S/ Michael D. Krejci
        Michael D. Krejci, ARDC #: 6190333
        Attorney for Defendant YVES LEBON
        Michael D. Krejci and Associates, L.L.C.
        1770 Park Street, Suite 205
        Naperville, Illinois 60563
        Tel.    630/388-0600

## CERTIFICATE OF SERVICE

I hereby certify that January 10, 2008, I electronically filed the following document:

**<u>SUPPLEMENTAL BRIEF IN SUPPORT OF LEBON'S<br>MOTION TO SUPPRESS EVIDENCE</u>**

, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sara L. Darrow, Assistant United State Attorney
Sara.darrow@usdoj.gov

By:    /s/ Michael D. Krejci
Michael D. Krejci, ARDC #: 6190333
Attorney for Defendant YVES LEBON
Michael D. Krejci and Associates, L.L.C.
1770 Park Street, Suite 205
Naperville, Illinois 60563
Tel.    630/388-0600
Email: mdkrejci@yahoo; and
info@krejcikaynelaw.com

4:07-cr-40081-MMM-JAG   # 13   Page 6 of 6

6