E-FILED
Thursday, 17 January, 2008  04:31:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Criminal No. 07-40081 |
| **YVES LEBON,** | ) |
| **Defendant.** | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO SUPPRESS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to defendant Lebon's supplemental brief in support of his Motion To Suppress Evidence.

On December 18, 2007, this Court held an evidentiary hearing on the defendant's motion to suppress evidence at which Illinois State Police Trooper Fratzke testified concerning the events surrounding the defendant's traffic stop and subsequent search of his vehicle. A video tape of the traffic stop was also viewed during the hearing.

Based upon the evidence presented, it is clear that the traffic stop was over when Trooper Fratzke returned all of the defendant's documents, told him to have a safe trip, and walked away from his car. Trooper Fratzke then returned to the defendant's car and asked him if he could ask him "a few more questions," and the defendant agreed that he could. The traffic stop, and resulting detention, was over, but the defendant voluntarily agreed to continue speaking to Fratzke. There is no evidence regarding Trooper Fratzke's interaction with the defendant that would support defendant's contention that Trooper Fratzke's questions were "accusatory" or "cynical," or that the

defendant was not free to decline to answer the questions. To the contrary, both Trooper Fratzke's demeanor on the stand as well as his actions in the video tape of the stop show that he was polite, conversational, and friendly with the defendant throughout the entire encounter.

The defendant's reliance on *United States v. Sandoval*, 29 F.3d 537 (10th Cir. 1994) is also misplaced. In *Sandoval*, the defendant was seated in the trooper's squad car when the trooper returned his documents and issued him a warning ticket for a traffic violation. After receiving his documents, the defendant asked, "That's it?" The trooper responded, "No, wait a minute," and began questioning the defendant regarding drug activity and eventually asked for consent to search his vehicle. The *Sandoval* Court concluded that this was not a consensual encounter because: "No one who is seated in a law enforcement officer's vehicle after having been stopped by the officer for a perfectly legitimate reason, and who then asks whether the stop is at an end (That's it?") and is immediately told "No" and to "wait a minute," can reasonably view himself or herself as free to leave the patrol car." *Id.* at 542. The *Sandoval* Court specifically noted that the analysis changes when - as in the instant case - an officer asks ("May I ask you a question?") rather than commands ("No, wait a minute"). *Id*. at 541-542.

The Seventh Circuit follows the same analysis; that not every encounter between citizens and police involves a seizure that implicates the Fourth Amendment: "law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen." *United States v. Childs*, 277 F.3d 947, 950 (7th Cir. 2002) (en banc) (*quoting Florida v. Bostick*, 501 U.S. 429, 434 (1991)); *United States v. Broomfield*, 2005 WL 1791307 at *2 (7th Cir. July 29, 2005). "[T]he law is well established that if an officer asks rather

2

than commands, the person accosted is not seized, and so the protections of the Fourth Amendment do not attach." *United States v. Stribling*, 94 F.3d 321, 323-24 (7th Cir. 1996) *(quoting United States v. DeBerry*, 76 F.3d 884, 885 (7th Cir. 1996)); *see also United States v. Moore*, 375 F.3d 580, 584 (7th Cir. 2004).

Because the defendant agreed to remain and answer "a few more questions," after the traffic stop was complete, the encounter between the two was a consensual encounter that does not trigger Fourth Amendment scrutiny.

The defendant's consensual encounter with Trooper Fratzke continued when Fratzke asked the defendant if he could look in his trunk. The defendant agreed not once, but twice, to the search and opened the trunk to assist Trooper Fratzke's request.

WHEREFORE, the government respectfully requests that defendant Lebon's Motion To Suppress Evidence be denied.

    Respectfully submitted,

    Rodger A. Heaton
    United States Attorney

BY:    /s/ Sara Darrow
    Sara Darrow
    Assistant United States Attorney
    1830 Second Avenue, Suite 320
    Rock Island, Illinois 61201
    Telephone (309) 793-5884

CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on January 17, 2008, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO SUPPRESS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant: Michael D. Krejci.


/s/ Sara Darrow
SARA DARROW
Assistant U.S. Attorney